# IN THE COURT OF APPEALS OF IOWA

No. 17-0243
Filed April 5, 2017

IN THE INTEREST OF I.H.,
Minor Child,

B.F., Mother,
        Appellant.

_____

        Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.


        A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


        Joslyn N. Sailer of Sailer Law, P.L.L.C., Waterloo, for appellant mother.

        Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee State.

        Melissa A. Anderson-Seeber, Waterloo, for minor child.


        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

A mother appeals the termination of her parental rights to her child, I.H., contending the juvenile court erred in finding grounds for termination, an exception applied to preclude the need for termination, and the mother should have been granted additional time to work toward reunification. Because the mother has failed to adequately participate in department of human services (DHS) services or take steps to address her substance-abuse issues, we affirm.

**I. Background Facts & Proceedings.**

I.H., born February 2016, tested positive for methamphetamine at birth. After the parents failed to comply with the safety plan and provide negative drug tests, I.H. was removed from their care on April 8, 2016. Following removal, the mother failed to actively participate in DHS services, address her substance-abuse issues, and acknowledge the domestic-violence issues in her relationship with the father.

The termination hearing was held on January 5, 2017. In the January 31, 2017 termination order, the court explained the ongoing concerns:

> [The mother] was only able to produce three negative drug tests in her first 16 attempts. Many of the attempts were actual no shows. She also produced a number of positive tests, tests that were diluted, and a refusal to wear a patch. [The mother] has not had a visit with her child since June of 2016. She then did appear for the following three drug tests and produced positive tests establishing methamphetamine use. She then began a long string of failing to appear for drug testing. She has failed to appear for drug testing from August 5 through the present. She has missed over 25 consecutive drug testing opportunities.
> . . . .
> Neither parent has progressed past supervised visits. [The mother]'s residence is unknown at the time of the trial. The department was unaware as to her employment status. [The mother] has failed to acknowledge the extent to which domestic

violence has permeated her relationship with [the father]. Both [the mother] and [the father] have failed to participate in services provided by the department.

. . . .

It appears that each parent has "checked out" as of August 2016. Neither parent has made substantial, or any, effort towards completion of the case plan or participation in any drug testing or treatment since July 2016.

The juvenile court terminated the parents' parental rights to I.H. pursuant to Iowa Code section 232.116(1)(h) and (*l*) (2016).[1] The mother now appeals.

## II. Standard of Review.

We review termination proceedings de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* "Our primary concern is the best interests of the child." *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Analysis.

In determining whether parental rights should be terminated, we must (1) determine if grounds for termination have been established under Iowa Code section 232.116(1); (2) consider whether termination is in the child's best interest pursuant to section 232.116(2); and (3) decide if a section 232.116(3) exception exists to preclude the need for termination. *D.W.*, 791 N.W.2d at 706-07.

*(A) Grounds for Termination.* The mother first contends grounds for termination were not established by clear and convincing evidence. We find

---

[1] The father does not appeal.

there are grounds for termination under Iowa Code section 232.116(1)(h)[2]—permitting the court to terminate parental rights where the child is three years of age or younger; has been adjudicated a child in need of assistance (CINA); was removed from the parent's custody for at least six of the last twelve months, or for the last six consecutive months; and cannot be returned to the parent's care at present.

At the time of the termination hearing, I.H. was less than one year of age, was adjudicated a CINA, and had been out of the parents' care for almost nine months. Additionally, due to the mother's failure to demonstrate significant participation in DHS services or to address her substance-abuse issues, the child could not be safely returned to her care. Although the mother took some small steps to work toward reunification just prior to trial—obtaining a substance abuse evaluation and participating in drug testing on December 29, 2016—"[a] parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). Thus, grounds for termination are established pursuant to section 232.116(1)(h).[3]

---

[2] "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *D.W.*, 791 N.W.2d at 707.

[3] On appeal, the mother contends DHS did not make reasonable efforts to reunify the family, claiming the department prevented the mother from attending visitation with I.H. The mother had not had a visit with I.H. since June 2016. The mother was required to comply with drug testing and provide a clean drug screen in order to participate in visitation with I.H., and she did not do so. Because the record indicates the mother made no demand for or challenge to reasonable efforts or services to the juvenile court prior to the termination hearing the issue is waived. DHS "has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). Even if not waived, the record demonstrates DHS provided services and the mother did not participate.

*(B) Best Interests and the Parent-Child Bond.* We also conclude termination of the mother's parental rights is in I.H.'s best interests. *See* Iowa Code § 232.116(2) ("In considering whether to terminate the rights of a parent . . . the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child."). The juvenile court found:

> Neither parent has participated in substance abuse treatment. Neither parent has a suitable residence. The court is unaware that either individual is currently employed. The parties have a no-contact order which prevents co-parenting. The parties are unwilling to admit the pervasive violence that has infiltrated their relationship. Neither party has made any significant gains toward sobriety or providing a safe residence for the child.

The mother has not taken the steps necessary to show she can safely care for I.H.; promote I.H.'s long-term nurturing and growth; or ensure that I.H.'s physical, mental, and emotional needs will be met. Termination is in I.H.'s best interests.

Additionally, the record does not support the mother's assertion termination would be detrimental for I.H. due to the parent-child bond. *See* Iowa Code § 232.116(3)(c). Although the mother did initially participate in visitation, the mother last attended visitation with I.H. in June 2016. At the time of the termination hearing the mother had not seen I.H. for approximately six months, more than half of I.H.'s short life. We acknowledge the mother requested visitation at times during this six-month period but she would not comply with DHS's reasonable requirement that she undergo drug testing and provide a clean drug screen. The Family Safety, Risk, and Permanency worker also testified

there is no longer a bond between I.H. and the mother. Accordingly, we conclude the parent-child bond is not so strong as to outweigh the need for termination and I.H.'s need for permanency.

*(C) Additional Time.* The mother asserts the juvenile court erred in denying her request for additional time to work toward reunification. In order to allow additional time, Iowa Code section 232.104(2)(b) requires a court to find "that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Here, the mother has taken almost no steps to comply with DHS services since the start of these proceedings. There is nothing in the record to suggest the mother will be able to make the progress necessary to allow for I.H. to be returned to her care within six additional months.

**IV. Conclusion.**

Because we find grounds for termination exist under Iowa Code section 232.116(1)(h), termination is in I.H.'s best interests, the parent-child bond is not so strong as to outweigh the need for termination, and additional time will not allow the mother to safely resume care of I.H., we affirm the juvenile court's termination order.

**AFFIRMED.**